# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| EDDIE EVANS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | 1:12CV101 |
| | ) | |
| REUBEN YOUNG, | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM OPINION AND ORDER

**AULD, Magistrate Judge**

Petitioner, a prisoner of the State of North Carolina, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Docket Entry 1.) On November 4, 2005, in the Superior Court of Forsyth County, Petitioner was convicted after a trial by jury of possession of a stolen motor vehicle and possession of cocaine in cases 05 CRS 55800 and 05 CRS 55801, and following the verdicts, pled guilty to being an habitual felon in case 05 CRS 1456. (Docket Entry 6, Ex. 2 at 23-28; see also Docket Entry 1, ¶¶ 1-6.)[1] In accordance with the plea arrangement (see Docket Entry 6, Ex. 2 at 27), the trial court sentenced Petitioner to two consecutive terms of 107 to 138 months of imprisonment. (Docket Entry 6, Ex. 2 at 31-34; see also Docket Entry 1, ¶ 3.)

Petitioner appealed his convictions to the North Carolina Court of Appeals (Docket Entry 6, Ex. 2 at 35-36; see also Docket Entry 1, ¶ 8), which denied his appeal on May 15, 2007 (Docket

---

[1] For attachments to Respondent's memorandum in support of his motion to dismiss lacking internal pagination, pin citations refer to the page number in the footer appended to said document by the CM/ECF system.

Entry 6, Ex. 1; see also Docket Entry 1, ¶ 9(c).)  Petitioner filed neither a petition for discretionary review with the North Carolina Supreme Court nor a petition for a writ of certiorari with the United States Supreme Court.  (Docket Entry 1, ¶ 9(g)-(h).)

On September 18, 2008, Petitioner filed a pro se motion for appropriate relief ("MAR") with the state trial court.  (Docket Entry 6, Ex. 2; see also Docket Entry 1, ¶¶ 10, 11(a).)  The trial court denied the MAR by order dated August 30, 2009 and filed August 31, 2009.  (Docket Entry 6, Ex. 3; see also Docket Entry 1, ¶ 11(a)(7)-(8).)[2]  Petitioner then filed a pro se "notice of motion in appellate court for permission to seek writ of error coram nobis" with the North Carolina Court of Appeals which he dated as submitted on January 19, 2011 (Docket Entry 6, Ex. 4 at 11), and which that court received on February 3, 2011 (id. at 2-3).  The State responded, interpreting the filing as a "belated" (and second) appeal of Petitioner's convictions, rather than an appeal of the denial of the MAR.  (Docket Entry 6, Ex. 5.)[3]  The Court of Appeals denied Petitioner's "notice of motion" on February 17, 2011.  (Docket Entry 6, Ex. 6.)

---

[2] Petitioner incorrectly states in his Petition that the trial court denied his MAR on February 5, 2009.  (Docket Entry 1, ¶ 11(a)(8).)  Additionally, although Petitioner asserts that he received a hearing on his MAR (see id., ¶ 11(a)(6)), the record does not contain a transcript of or any other reference to such a hearing, nor does the trial court's order denying the MAR make any mention of such a hearing (Docket Entry 6, Ex. 3).

[3] The Court need not decide whether Petitioner's "notice of motion" filed with the Court of Appeals was a second appeal of his convictions or an appeal of his MAR's denial by the trial court.  Since Petitioner filed his MAR after the expiration of the one-year limitations period for federal habeas petitions, even interpreting his "notice of motion" as an appeal of the MAR's denial would not render the instant Petition timely.

-2-

Petitioner thereafter submitted his Petition in this Court (Docket Entry 1), which he dated as mailed on January 26, 2012 (id. at 14), and which the Court received on January 31, 2012 (id. at 1).[4] Respondent moved to dismiss the Petition on statute of limitation grounds. (Docket Entry 5.) Petitioner filed several responsive documents: (1) a "Motion Not to Dismiss on Statu[t]e Limitations" (Docket Entry 8); (2) a brief in support of that motion (Docket Entry 9); (3) a "Motion to Stay" state court proceedings, with an attached "Letter to Court" (Docket Entry 10); and (4) a "Motion to Amend Objections" (Docket Entry 11). On August 3, 2012, the Court denied the motion to stay state court proceedings (Docket Entry 10) based on Petitioner's failure to identify any such proceedings or provide authority for a stay. (See Text Order dated Aug. 3, 2012.) The Court further ordered treatment of various filings by Petitioner all as part of a timely response by Petitioner to Respondent's instant Motion to Dismiss. (See id.) The parties have consented to disposition of this case by the undersigned Magistrate Judge, pursuant to 28 U.S.C. § 636(c). (See Docket Entry 13.)

## Petitioner's Claims

Petitioner raises four claims for relief in his Petition: (1) violation of his federal constitutional due process and equal protection rights based on the failure of law enforcement officers to question or arrest another individual at the crime scene and the

---

[4] For portions of the Petition lacking paragraph numbers, pin citations refer to the page number in the footer appended to said document by the CM/ECF system.

failure of law enforcement officers to charge Petitioner with possession of a controlled substance at the scene; (2) violation of the Sixth and Fourteenth Amendments, prosecutorial misconduct, and abuse of discretion based on the State's failure to subpoena another individual at the crime scene; (3) violation of Petitioner's right to a fair trial and to freedom from cruel and unusual punishment based on his conviction of a lesser included offense; and (4) ineffective assistance of his trial counsel. (Docket Entry 1, ¶ 12.)

## Discussion

Respondent moves for dismissal of the Petition on the grounds that the Petition was filed[5] outside of the one-year limitation period. 28 U.S.C. § 2244(d)(1). In order to assess Respondent's statute of limitation argument, the Court first must determine when Petitioner's one-year period to file his § 2254 Petition commenced.

---

[5] "In [Houston v. Lack, 487 U.S. 266 (1988)], the Supreme Court held that a *pro se* prisoner's notice of appeal is filed on the date that it is submitted to prison officials for forwarding to the district court, rather than on the date that it is received by the clerk." Morales-Rivera v. United States, 184 F.3d 109, 110 (1st Cir. 1999). At least eight circuits "have applied th[is] prisoner mailbox rule to [establish the 'filing' date of] motions under 28 U.S.C. § 2254 or § 2255." Id. at 110-11 & n.3. In two published opinions issued since that consensus emerged, however, the United States Court of Appeals for the Fourth Circuit has declined to decide whether the prison mailbox rule applies in this context. See Allen v. Mitchell, 276 F.3d 183, 184 n.1 (4th Cir. 2001) ("Allen's petition was dated March 9, 2000, and it should arguably be treated as having been filed on that date. Cf. United States v. Torres, 211 F.3d 836, 837 n.3 (4th Cir. 2000) (declining to decide whether prison mailbox rule applies to filing of federal collateral review applications in district court). We take no position on that question here."); but see Smith v. Woodard, 57 F. App'x 167, 167 n.* (4th Cir. 2003) (implying that Houston's rule governed filing date of § 2254 petition); Ostrander v. Angelone, 43 F. App'x 684, 684-85 (4th Cir. 2002) (same). Because the difference between the date Petitioner signed his Petition (i.e., the earliest date he could have given it to prison officials for mailing) and the date the Clerk received it would not affect disposition of the timeliness issue, the Court need not consider this matter further.

In this regard, the United States Court of Appeals for the Fourth Circuit has explained that:

> Under § 2244(d)(1)(A)-(D), the one-year limitation period <u>begins to run from</u> the latest of several potential starting dates:
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Green v. Johnson, 515 F.3d 290, 303-04 (4th Cir. 2008) (emphasis added).

The record does not reveal any basis for concluding that subparagraphs (B), (C), or (D) of § 2244(d)(1) apply in this case.[6]

---

[6] Petitioner argues that, under "Title 28 2244(2)(B)(i), (ii) of the United States Code," he "had no knowledge that the claims brought forth within [the Petition] w[ere] violations of his rights." (Docket Entry 1, ¶ 18; see also Docket Entry 9 at 2.) He further alleges that, under this same statute, "'the factual predicate for the claim could not have been discovered previously through the exercise of due diligence.'" (Docket Entry 8 at 2 (citing 28 U.S.C. § 2244(b)(2)(B)(i)).) The statute to which Petitioner cites is inapposite, as it deals with second or successive federal habeas petitions. Nevertheless, as Petitioner proceeds pro se, the Court will liberally construe his pleadings. See Vinnedge v. Gibbs, 550 F.2d 926, 928 (4th Cir. 1977) (citing Haines v. Kerner, 404 U.S. 519, 520-21 (1972)). The Court interprets Petitioner's argument as a request under 28 U.S.C. § 2244(d)(1)(D) for a belated commencement of the statute of limitations beginning on the unspecified date he first discovered the claims alleged in his Petition. Petitioner's argument lacks merit. The facts underlying his claims include (1) law enforcement's failure to question or arrest
(continued...)

As a result, Petitioner's one-year limitation period commenced on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review," 28 U.S.C. § 2244(d)(1)(A). The Court thus must ascertain when direct review (or the time for seeking direct review) of Petitioner's underlying conviction ended.

Here, the state trial court entered judgment against Petitioner on November 4, 2005 (see Docket Entry 6, Ex. 2 at 31-34), the North Carolina Court of Appeals denied his appeal on May 15, 2007 (see id., Ex. 1), and Petitioner did not appeal his convictions further (Docket Entry 1, ¶ 9(g), (h)). As Respondent has asserted (Docket Entry 6 at 2-3), and Petitioner has not disputed (Docket Entry 8 at 1-4), Petitioner's convictions became final on June 19, 2007, 35 days after the decision of the Court of Appeals denying his direct appeal. (See Docket Entry 6, Ex. 1); see also N.C. R. App. P. 32(b) (unless court orders otherwise mandate issues 20 days after written opinion filed); N.C. R. App.

---

⁶(...continued)
another individual at the crime scene; (2) the State's failure to subpoena this same individual; (3) his conviction of a lesser included offense; and (4) his trial counsel's failure to subpoena the other individual at the scene, to introduce and object to certain evidence and to make certain motions. (Docket Entry 1, ¶ 12.) Petitioner knew all of these facts at the time of his convictions in November 2005. Moreover, the date on which Petitioner allegedly identified federal constitutional bases for his claims is immaterial, as that date relates only to when he discovered the legal significance of his claims, as opposed to the facts supporting such claims. See Owens v. Boyd, 235 F.3d 356, 359 (7th Cir. 2000)("[T]he trigger in § 2244(d)(1)(D) is (actual or imputed) discovery of the claim's 'factual predicate', not recognition of the facts' legal significance."); see also Diver v. Jackson, No. 5:11-HC-2155-FL, 2012 WL 3228971, at *3 (E.D.N.C. Aug. 6, 2012) (rejecting argument under § 2244(d)(1)(D) that limitations period should start on date inmate told plaintiff of relevant Supreme Court case, because that was merely date plaintiff discovered legal significance of his claim and not facts underlying such claim), appeal dismissed, 487 F. App'x 96 (4th Cir. 2012). Under the facts alleged, Petitioner is not entitled to a delayed commencement of the statute of limitations under § 2244(d)(1)(D).

-6-

P. 14(a) & 15(b) (allowing 15 days after issuance of mandate to file notice of appeal or petition for discretionary review); Saguilar v. Harkleroad, 348 F. Supp. 2d 595, 598-600 (M.D.N.C. 2004) (holding conviction final on direct review 35 days after Court of Appeals' opinion where no timely petition for discretionary review filed). The limitations period then ran for 365 days until it expired a year later on June 19, 2008, over three and a half years before Petitioner brought this action under § 2254.

Petitioner did make certain state collateral filings, which generally toll the federal habeas deadline for "the entire period of state post-conviction proceedings, from initial filing to final disposition by the highest court (whether decision on the merits, denial of certiorari, or expiration of the period of time to seek further appellate review)," Taylor v. Lee, 186 F.3d 557, 561 (4th Cir. 1999). Petitioner, however, did not make any collateral filings in the state courts until September 18, 2008, well after his time to file a federal habeas claim had already expired. State filings made after the federal limitations period has passed do not restart or revive the filing period. See Minter v. Beck, 230 F.3d 663, 665 (4th Cir. 2000).

Petitioner does not dispute the foregoing time-line, but he does advance several reasons why he believes the Court should consider the Petition despite its untimeliness. (Docket Entry 1, ¶ 18; Docket Entry 8 at 2-3; Docket Entry 10-1 at 1-3; Docket Entry 11 at 1-6.) In other words, Petitioner requests equitable tolling,

-7-

which doctrine the Supreme Court has ruled applicable in this context, Holland v. Florida, 560 U.S. ___, ____, 130 S. Ct. 2549, 2562 (2010). Equitable tolling may apply when a petitioner "shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Id. (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)) (emphasis added).

First, Petitioner contends "that with all the necessary grounds raised within this [P]etition it will clarify the fact that his claims are truthful and worthy of this court's acceptance towards justice." (Docket Entry 1, ¶ 18.) This contention appears to represent an argument that the underlying merit of his claims should constitute sufficient grounds for equitable tolling, something which controlling authority prohibits. See Rouse v. Lee, 339 F.3d 238, 251 (4th Cir. 2003) ("[W]e see no reason why the decision as to whether a court considers the claims in an untimely petition should depend on the nature of the claims in the petition.")

Second, Petitioner maintains that, during his incarceration, he was "very suicidal" (Docket Entry 10-1 at 1), "could not function to[o] well" (id.), and was in a "depressed state of mind" (Docket Entry 11 at 1). Petitioner asserts that his mental state should excuse his late filing of the Petition. This argument lacks merit.

Courts have held that mental incompetency can warrant equitable tolling; however, a petitioner's mental illness must not

-8-

have merely lessened his ability to file or made filing difficult, but must have actually prevented him from understanding his legal rights and acting on them. Rhodes v. Senkowski, 82 F. Supp. 2d 160, 168-69 (S.D.N.Y. 2000) (collecting cases). "As a general matter, the federal courts will apply equitable tolling because of a petitioner's mental condition only in cases of profound mental incapacity," such as where a petitioner is institutionalized or adjudged mentally incompetent. United States v. Sosa, 364 F.3d 507, 513 (4th Cir. 2004). Simply having a mental illness and taking medications does not suffice. Id. Nor will conclusory allegations meet a petitioner's burden. Rhodes, 82 F. Supp. 2d at 172. Here, Petitioner has not made any showing that his depressed state of mind actually prevented him from understanding his legal rights and acting on them. Thus, Petitioner's alleged mental state cannot excuse his late filing.

Third, Petitioner asserts that the Court should excuse his late filing because neither his trial or appellate counsel advised him of his right to file a federal habeas petition or of the one-year statute of limitations. (Docket Entry 10-1 at 1; Docket Entry 11 at 4, 6.) Petitioner contends that counsel have "a duty to inform defendants of all matters pertaining to access to the courts" and that counsel are "supposed to be familiar with any written policy" of the Court, including § 2254 and § 2244. (Docket Entry 11 at 4.) The Court finds no merit to this argument.

As an initial matter, Petitioner has not identified (and independent research has failed to reveal) any authority for the

-9-

proposition that either trial or appellate counsel has an obligation to advise a defendant of post-conviction options other than direct appeal. See Roe v. Flores-Ortega, 528 U.S. 470, 480 (2000). Even if Petitioner's trial or appellate counsel had borne a duty to advise Petitioner about post-conviction remedies and failed to satisfy it in this case, Petitioner's argument still misses the mark. Simple negligence does not warrant equitable tolling. See Holland, 560 U.S. at ___, 130 S. Ct. at 2564; see also Hutchinson v. Florida, 677 F.3d 1097, 1100 (11th Cir. 2012) ("If attorney miscalculation, error, or negligence were enough for equitable tolling, the § 2244(d) statute of limitations would be tolled to the brink of extinction . . . ."). "[T]o rise to the level necessary to constitute an 'extraordinary circumstance,' . . . attorney negligence must be so egregious as to amount to an effective abandonment of the attorney-client relationship." Rivas v. Fischer, 687 F.3d 514, 538 (2d Cir. 2012); see also Maples v. Thomas, 565 U.S. ___, ___ - ___ & n.7, 132 S. Ct. 912, 922-27 & n.7 (2012) (holding that attorneys' abandonment of petitioner constituted cause to overcome procedural default and remarking that distinction between attorney negligence and attorney abandonment should apply equally in equitable tolling context). Petitioner has not alleged facts amounting to abandonment by his trial or appellate counsel.[7]

---

[7] Petitioner's conclusory allegations that he "was misled by" his trial and appellate counsel "as to what to do" and that he thought his appellate "counsel would take [him] through all of [his] appeals if necessary" (Docket Entry 10-1 at 1) do not suffice as a showing of attorney abandonment warranting equitable
(continued...)

-10-

Fourth, Petitioner claims that he experienced delays in getting items notarized in prison and that such delays should warrant equitable tolling. (Docket Entry 10-1 at 2.) This argument fails because a habeas petition does not require notarization. See Rule 2(c), Rules Governing Sec. 2254 Cases in U.S. Dist. Cts (requiring only that petition "be signed under penalty of perjury by the petitioner"). Accordingly, Petitioner's decision to notarize his filings and any associated delays cannot serve as a basis for equitable tolling.

Fifth, Petitioner argues that he did not have access to a law library in prison, that North Carolina Prisoner Legal Services declined to represent him and that he was "influenced" in some way by a "jailhouse lawyer" who was "inexperienced in filing" post-conviction motions. (Docket Entry 11 at 1.) In these regards, Petitioner essentially argues that the Court should excuse him from complying with the one-year statute of limitations because he lacked familiarity with post-conviction remedies. However, unfamiliarity with the legal process, even in the case of an unrepresented prisoner, does not constitute grounds for equitable tolling. See Sosa, 364 F.3d at 512; March v. Soares, 223 F.3d 1217, 1220 (10th Cir. 2001); Turner v. Johnson, 177 F.3d 390, 392 (5th Cir. 1999); see also Gray v. Lewis, No. 1:11CV91, 2011 WL

---

[7](...continued)
tolling. See, e.g., Hutchinson, 677 F.3d at 1099 ("[T]he allegations supporting equitable tolling must be specific and not conclusory."); Smith v. Virginia, No. 3:12CV148, 2013 WL 871519, at *4 (E.D. Va. Mar. 8, 2013) (unpublished) ("[C]onclusory allegations fail to meet the high burden required to demonstrate entitlement to equitable tolling.").

-11-

4022787, at *3 (M.D.N.C. Sept. 9, 2011) (unpublished) (concluding that lack of prison libraries and delay in receipt of support from North Carolina Prisoner Legal Services did not warrant equitable tolling) (citing Hood v. Jackson, No. 5:10-HC2008-FL, 2010 WL 4974550, at *2 (E.D.N.C. Dec. 1, 2010) (unpublished), and Dockery v. Beck, No. 1:02CV00070, 2002 WL 32813704, at *2 (M.D.N.C. Aug. 1, 2002) (Beaty, J., adopting recommendation of Eliason, M.J.) (unpublished)), adopted, slip op. (M.D.N.C. Nov. 4, 2011) (Beaty, C.J.)).

Sixth, Petitioner contends that, under "Rule 9(a)" and the "doctrine of laches," his Petition is not untimely because the delay in filing the Petition did not prejudice Respondent. (Docket Entry 11 at 2-3.) This contention (and particularly Petitioner's reliance on the doctrine of laches) cannot stand. The passage in 1996 of the Antiterrorism and Effective Death Penalty Act ("AEDPA"), 28 U.S.C. § 2244(d)(1), which mandates the one-year limitations period at issue here, superceded Rule 9(a) of the Rules Governing Sec. 2254 Cases in U.S. Dist. Cts. and prior practice as to the doctrine of laches in habeas cases. See Langley v. Director, Dep't of Corr., No. 2:09cv436, 2010 WL 2483876, at *6 (E.D. Va. May 28, 2010) (unpublished).[8] Under AEDPA, the "reasonableness" of Petitioner's delay and "prejudice" to Respondent have no bearing on the timeliness analysis. Petitioner

---

[8] Rule 9(a) provided that "[a] petition may be dismissed if it appears that the state of which the respondent is an officer has been prejudiced in the ability to respond to the petition by delay in its filing."

-12-

clearly did not file his Petition within the one-year limitations period proscribed by AEDPA and, as discussed above, he has failed to establish any grounds warranting equitable tolling.

Finally, Petitioner asserts that he "is actually innocent of the charged crimes" and, thus, "his procedural default cannot be used to deny him the right to have his habeas claims heard on the merits." (Docket Entry 11 at 6 (citing Schlup v. Delo, 513 U.S. 298 (1995)).) However, Petitioner faces a further challenge because Respondent has not simply interposed a procedural bar, but rather has asserted a statute of limitation defense under 28 U.S.C. § 2244(d)(1). Neither the Supreme Court nor the Fourth Circuit has recognized an actual innocence exception to the one-year limitations period. Other federal courts of appeals have divided over this issue. Compare Souter v. Jones, 395 F.3d 577, 597-601 (6th Cir. 2005) (allowing equitable tolling of statute of limitation based on showing of actual innocence under Schlup standard), with Escamilla v. Jungwirth, 426 F.3d 868, 871-72 (7th Cir. 2005) (ruling that actual innocence has no bearing on time-bar).

However, even if Petitioner's invocation of the phrase "actually innocent" (see Docket Entry 11 at 6) could have some bearing on the time-bar issue, he has failed to make the requisite showing. To demonstrate actual innocence, a petitioner must identify "new reliable evidence--whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence--that was not presented at trial." Schlup, 513

-13-

Case 1:12-cv-00101-LPA   Document 14   Filed 03/26/13   Page 13 of 15

U.S. at 324. That evidence must demonstrate the "'conviction of one who is actually innocent.'" Id. at 327 (quoting Murray v. Carrier, 477 U.S. 478, 496 (1986)). Thus, a "petitioner must show that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence." Id. Moreover, a petitioner must show factual innocence and not merely legal insufficiency. Bousley v. United States, 523 U.S. 614, 623 (1998).

Here, Petitioner has offered no evidence of his innocence at all. In multiple filings with the Court (see Docket Entries 1, 8, 9, 10-1 & 11), Petitioner takes issue with the sufficiency of the evidence introduced at his trial and the effectiveness of his trial and appellate counsel, but he points to no new evidence, of which he lacked knowledge at the time of his trial,[9] that would demonstrate the "conviction of one who is actually innocent." Schlup, 513 U.S. at 327. Petitioner thus has not satisfied the standard for asserting actual innocence, assuming that such an assertion could provide a basis for equitable tolling.

**IT IS THEREFORE ORDERED** that Respondent's Motion to Dismiss (Docket Entry 5) is **GRANTED,** that the Petition (Docket Entry 1) is **DENIED,** and that this action be, and the same hereby is, **DISMISSED.**

---

[9] Although Petitioner alleges that the State and/or his trial counsel should have subpoenaed another individual present at the crime scene to testify at his trial (see, e.g., Docket Entry 1 at 6 (Ground 2), 17; Docket Entry 9-1 at 10), he was clearly aware at the time of his conviction that neither the State nor his counsel had subpoenaed this individual.

-14-

A Judgment dismissing this action will be entered contemporaneously with this Order.

                                                /s/ L. Patrick Auld
                                                **L. Patrick Auld**
                                      **United States Magistrate Judge**

Date: March 26, 2013